IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Kenyatta Brown (K-79185), | ) | |
|---|---|---|
| Plaintiff, | ) | Case No: 14 C 5347 |
| v. | ) | |
| | ) | Judge Marvin E. Aspen |
| Monaka Williams, | ) | |
| Defendant. | ) | |

## ORDER

Defendant Monaka Williams' motion to dismiss [41] is denied. Plaintiff may proceed with his First Amendment retaliation claim and his pendent state law battery claim. Defendant is directed to answer the complaint by January 1, 2016. A status is set for February 4, 2016 at 10:30 a.m.

## STATEMENT

### I. Introduction

Plaintiff Kenyatta Brown, an inmate in the custody of the Illinois Department of Corrections, filed this 42 U.S.C. § 1983 civil rights action, alleging that Defendant Monaka Williams wrote him a false disciplinary ticket and harassed him in violation of his constitutional rights under the First Amendment. [6]

On initial review of the complaint, the Court allowed Plaintiff's First Amendment retaliation claim and his state law battery claim to proceed against Defendant Williams. [1 at 3] All other claims and Defendants were dismissed from this action. [1 at 3] Currently before the Court is Defendant Williams' motion to dismiss Plaintiff's complaint in its entirety for failure to state a claim. [41] Plaintiff has responded, and Defendant has replied. [45], [47] For the following reasons, the Court denies Defendant's motion. Plaintiff may proceed against Defendant with his First Amendment retaliation claim and his pendent state law battery claim.

### II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint's allegations must be enough to raise a plaintiff's right to relief above a speculative level. *Twombly*, 550 U.S. at 555.

When determining whether a complaint pleads sufficient facts, a court assumes that all well-pleaded factual assertions, as well as all reasonable inferences drawn therefrom, are true; however, courts "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants"); *see also Looper Maint. Serv. Inc. et al. v. City of Indianapolis et al.*, 197 F.3d 908, 913 (7th Cir. 1999) (the absence of facts supporting a claim "renders the allegations mere legal conclusions of Section 1983 liability"). Furthermore, if a plaintiff pleads facts demonstrating that he has no valid claim for relief, a court may dismiss the complaint. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). Lastly, because Plaintiff is proceeding *pro se* and is not an attorney, the court liberally construes his complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Analysis

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). In order to state a claim for retaliation for exercising one's First Amendment right, a plaintiff must demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

For purposes of arguing the instant motion, Defendant focuses on whether Plaintiff's speech was protected by the First Amendment. Defendant asserts that the speech at issue is not protected speech and therefore cannot serve as the basis of a retaliation claim. [41 at 3-6]

In the complaint, Plaintiff alleges that he had a conversation with another inmate named Derrick Holman ("Holman") in a shower area at Stateville on October 8, 2013. [6 at 4] During this conversation, Plaintiff told Holman that he should "not fall for [Defendant]" because "[Defendant] charm[s] inmates all the time and then if you catch her on a bad day she will go after you." [6 at 4] In the presence of other inmates, Plaintiff told Holman that "[Defendant] will write a . . . disciplinary report on you, even if she has to falsify one." [6 at 4] The discussion then turned to "rumors that we all heard about several officers that [Defendant] had sex with and that being the reason that her boyfriends and ex-husband physically abus[ed] her." [6 at 4-5] Plaintiff alleges that, subsequently, Defendant harassed him and issued a false disciplinary report in response to the shower conversation. [6 at 9]

2

Defendant, relying mainly on two Seventh Circuit cases, *Watkins v. Kasper*, 599 F.3d 791, 797 (7th Circ. 2010) (inmate had no protected First Amendment right to make complaints directly to librarian in "confrontational, disorderly manner") and *Felton v. Huibregtse*, 525 F. App'x 484, 487 (7th Cir. 2013) (unpublished) (inmate's letter to warden outside of grievance process stating "any idiot could see" the complained-of issue was never addressed was not protected speech), argues that Plaintiff's comments encouraged distrust of prison staff, undermined the prison's rehabilitative initiatives, undermined prison security, and was inflammatory in nature. As such, Defendant argues that Plaintiff's shower conversation was not protected speech.

The dismissal of the retaliation claims in *Watkins* and *Felton* does not warrant dismissal of Plaintiff's claim at this stage of the case. Initially, the dismissal of the retaliation claims in those cases occurred after development of the record. In *Watkins*, the case initially went to trial, and the jury found in favor of Plaintiff and awarded him compensatory and punitive damages. Defendant made two post-trial motions for judgment as a matter of law or a new trial under Federal Rule of Civil Procedure 50, which the district court denied. Defendant appealed, and the Seventh Circuit found that Plaintiff's speech was unprotected as a matter of law and could not support the jury's verdict in favor of Plaintiff. The Court therefore reversed and remanded with instructions to enter judgment in favor of Defendant. Likewise, *Felton*, was decided on summary judgment after a more fully developed record, and was affirmed on appeal.

Moreover, *Watkins* and *Felton*, and the cases cited therein (*see e.g., Ustrak v. Fairman*, 781 F.2d 573, 580 (7th Cir. 1986) (calling guards "stupid lazy assholes" and inviting them to "bring their fat asses around the gallery at night" is not protected speech); *Smith v. Mosley*, 532 F.3d 1270, 1272 (11th Cir. 2008) (explaining that prison officials reasonably punished inmate for insolent comments, including inmate's assertion in letter to warden that "to be forced outside in weather conditions that we are being subject to amounts to pre-meditated assault because any person of reasonable intelligence knows the likely consequences of our being subjected to such non-sense"); *Lockett v. Suardini*, 526 F.3d 866, 869, 874 (6th Cir. 2008) (concluding that inmate's reference to hearing officer as "foul and corrupted bitch" was not protected)), that Defendant relies on in support of her position involved conduct/speech that is different than that in this case.

For instance, in this case, Plaintiff's particular comments about Defendant's tendency/reputation for issuing false disciplinary tickets were made outside the presence of the Defendant, and were not immediately directed at her. They were also not couched in terms of a threat or phrased in an intimidating manner. And, according to Plaintiff, the comments about Defendant's tendency/reputation for issuing false disciplinary reports were made to inmate Holman for purposes of "keep[ing] him from getting in trouble." Assuming, as the Court must do at this point, that Defendant Williams had a tendency or was engaged in a practice of issuing false disciplinary reports, Plaintiff certainly had a protected First Amendment right to alert others to what he believed to be fraudulent activity/misconduct on the part of Defendant. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives

3

of the corrections system."). Whether there was alternative means for Plaintiff to express his complaints about any inappropriate behavior by Defendant is an issue to be considered on a more developed record. In light of the above, the Court cannot determine at this time whether Plaintiff's retaliation claim is without merit. Accordingly, Plaintiff's retaliation claim may proceed.

### IV.     Conclusion

Given the denial of Defendant's motion to dismiss for failure to state a First Amendment retaliation claim, Plaintiff is permitted to proceed on his pendent state law claim of battery related to his allegation that, after the shower conversation, Defendant harassed Plaintiff, including, on one occasion, chest-bumping him to prevent him from leaving a room. [6 at 10]

For the foregoing reasons, Defendant's motion to dismiss [41] is denied in its entirety. Plaintiff may proceed with his First Amendment retaliation claim and his pendent state law claim of battery. The Defendant is directed to file her answer to the complaint by the aforementioned date.

Date: November 19, 2015

_____
Honorable Marvin E. Aspen
United States District Judge